UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT FLOHR,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF SIEGEL, et al.,<br><br>    Defendants. | Case No. 3:24-CV-415-CCB-SJF |

## OPINION AND ORDER

Before the Court is Defendant Sheriff Jeff Siegel's Motion for Partial Judgment on the Pleadings Regarding the Federal Claim Against Sheriff Jeff Siegel. (ECF 19). Based on the applicable law, facts, and arguments, the Motion for Partial Judgment on the Pleadings is **GRANTED**.

### I.   RELEVANT BACKGROUND

Plaintiff Robert Flohr ("Flohr") was a prisoner in the Elkhart County Jail ("ECJ") in October 2022. (ECF 5 at 3). On October 9, 2022, Flohr fell and broke his arm. (ECF 5 at 3). Flohr notified ECJ medical personnel of his injury and was taken to the medical area where he was examined by a jail nurse, Nurse Jane Doe. (*Id.*). Nurse Jane Doe told Flohr that his arm was possibly broken and that she would stabilize and splint it. (*Id.*). Flohr was then sent to a medical cell in the jail, where he remained for 23 hours a day. (*Id.* at 4). Despite communicating to ECJ staff that he was in severe pain, Flohr was only provided over-the-counter pain medication. (*Id.*). When asked when he would be taken to a hospital, ECJ confinement and medical personnel told him they didn't know. (*Id.*).

On October 11, 2022, Flohr received an x-ray and was informed by ECJ medical personnel that his arm was severely broken and displaced. (*Id.*). ECJ confinement and medical personnel told Flohr that an appointment at the hospital would be scheduled for some date in the future and continued to only provide him with over-the-counter pain medication. (*Id.*). Flohr remained in severe ongoing pain. (*Id.*). In the days following the x-ray, Flohr told his wife of his injury, his severe pain, and the lack of adequate medical care he was receiving. (*Id.* at 5). On October 14, 2022, his wife called the ECJ to inform them that Flohr was not receiving proper medical attention. (*Id.*). Following this call, Flohr was permitted to take prescription pain medication. (*Id.*).

In late November 2022, ECJ staff took Flohr to be seen by an orthopedic specialist. (*Id.*). The specialist told Flohr that his radius was broken at a 42-degree angle and due to the length of time between the break and the appointment, his arm would need to be rebroken and then set with a plate and screws. (*Id.*). After asking when he would receive surgery, the specialist jokingly told Flohr that since it took ECJ almost a month to get Flohr the appointment, it would probably take another three to four weeks to get surgery. (*Id.*). Flohr was then taken back to the ECJ where he remained in the medical isolation cell for another two weeks. (*Id.* at 6).

Flohr was transferred to Indiana Department of Correction ("IDOC") before he could receive surgery. (*Id.*). About ten days after his transfer to IDOC, Flohr was seen by another doctor who told him that because he had not received a timely surgery while at ECJ, he would now need a more complicated and riskier surgery to repair his arm. (*Id.*). On December 17, 2022, Flohr was taken to a Terre Haute medical center

where he received more x-rays and told again his arm required surgery. (*Id.*). As of April 17, 2023, Flohr was incarcerated in Westville Correctional Facility and had still not received arm surgery. (ECF 5-1 at 7).

On April 18, 2024, Plaintiff Flohr filed an amended state court complaint in Elkhart County against Defendants Elkhart County Sheriff Jeff Siegel ("Sheriff Siegel"), John Does/Jane Does, and Wellpath, LLC ("Wellpath") under Section 1983 for violations of his Fourteenth and Eighth Amendment rights. (ECF 5). Wellpath removed the case to federal court on May 22, 2024. (ECF 1). On October 9, 2024, Sheriff Siegel filed the instant motion for partial judgment on the pleadings with regard to the federal claim against him under Fed. R. Civ. P. 12(c). (ECF 19). On November 21, 2024, the Court ordered that the action be stayed as to Defendant Wellpath but remain active as to the remaining defendants. (ECF 28). On April 24, 2025, in response to Sheriff Siegel's motion to clarify the stay, the Court stayed the entire case. (ECF 30). On May 16, 2025, the Court lifted the stay as to Plaintiff and Defendant Sheriff Siegel but maintained the stay as to Wellpath. (ECF 33). The Court will now analyze the instant Fed. R. Civ. P. 12(c) motion for partial judgment on the pleadings regarding the federal claim against Sheriff Siegel. (ECF 19).

## II. STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court decides such a motion "under the same standard as a motion to dismiss under Rule 12(b)." *N. Ind. Gun & Outdoor Shows, Inc. v. S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see also Pisciotta v.*

3

*Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A court deciding a motion for judgment on the pleadings may consider only "the matters presented in the pleadings" and must consider them in the light most favorable to the nonmovant. *Id.* "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.'" *Federated Mut. Ins. v. Coyle Mech. Supply*, 983 F.3d 307, 312–13 (7th Cir. 2020) (quoting *N. Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452.).

Courts grant a motion for judgment on the pleadings only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. General Elec. Cap. Corp.*, 12 F.3d 686, 688 (7th Cir.1993). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452.

The facts recounted as part of the Court's analysis of Sheriff Siegel's motion for partial judgment on the pleadings come from Plaintiff's first amended complaint (ECF 5), which are accepted as true for purposes of this motion with all reasonable inferences drawn in Plaintiff's favor. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017).

**III.   ANALYSIS**

Plaintiff brings claims against Sheriff Siegel in his official capacity under 42 U.S.C Section 1983 for violations of Plaintiff's Fourteenth Amendment right to due process

and his Eighth Amendment right to be free from cruel and unusual punishment. (ECF 5 at 7). Plaintiff states that Sheriff Siegel "was responsible for having unconstitutional/constitutionally insufficient policies, practices, procedures, and/or customs in effect at the Elkhart County Jail, pertaining to the medical care provided to Elkhart County Jail prisoners suffering from serious medical conditions, which resulted in Plaintiff being denied adequate medical care." (*Id.* at 1). Sheriff Siegel argues that claims against him in his official capacity are claims against the Office of Sheriff of Elkhart County, Indiana. Sheriff Siegel is correct that claims against sheriffs in their official capacities are claims against the Sheriff's Office itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

A plaintiff can sue local governments under Section 1983 when an official policy of that local government inflicts the injury that the government as an entity is allegedly responsible. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). Under Section 1983, a local government may be liable for monetary damages if the plaintiff can show that the unconstitutional act complained of is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010). It is unclear "how frequently conduct must occur to impose *Monell* liability, 'except that it must be more than one instance.'" *Thomas*, 604 F.3d at 303 (citing *Cosby v. Ward,* 843 F.2d 967, 983 (7th Cir. 1988)).

Sheriff Siegel moves for partial judgment on the pleadings as to Plaintiff's *Monell* claim against Sheriff Siegel, arguing that Plaintiff's factual allegations do not plausibly suggest an entitlement to relief. (ECF 20 at 15, 16). Sheriff Siegel asserts that Plaintiff does not present any facts "supporting an allegation of express policy nor an allegation that the constitutional injury was caused by a person with final policymaking authority (i.e., the Sheriff)." (*Id.* at 13). According to Sheriff Siegel, this only leaves a potential *Monnell* claim premised on a widespread and well-settled practice, which is not supported by sufficient facts either. (*Id.*). The Court agrees that Plaintiff does not allege sufficient facts to support a *Monnell* claim.

Plaintiff merely asserts the unsupported conclusion that the "delays and denials of adequate medical care by Defendants John Does/Jane Does and each of them, occurred as a result of unconstitutional/constitutionally deficient policies, practices, procedures, and/or customs of the Defendant Elkhart County Sheriff, pertaining to the provision of medical services and medication to prisoners" at the ECJ. (ECF 5 at 7). Absent from Plaintiff's Amended Complaint are facts supporting allegations of an official policy, a widespread and well-settled governmental practice or custom, or an official with final policy-making authority responsible for the constitutional deprivation. *Thomas*, 604 F.3d at 303.

Plaintiff seems to be arguing that the treatment he received was caused by an official with final policy-making authority when he alleges that "Defendant Elkhart County Sheriff, and Defendant Wellpath, and each of them, are vicariously liable for the acts of (sic) complained of acts of careless and negligent denial of reasonable medical

6

care, under the doctrine of res[]pondeat superior." (ECF 5 at 8). A Section 1983 plaintiff, however, cannot rely on a *respondeat superior* theory to state a claim because there is no general supervisory liability under Section 1983. *Monell,* 436 U.S. at 691; *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Instead, a plaintiff must "present evidence that the defendants violated the Constitution through their own conduct." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022); *see George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Plaintiff must prove that his injury occurred at Sheriff Siegel's direction or with his "knowledge and consent" and that Sheriff Siegel acted "either knowingly or with deliberate, reckless indifference." *Backes v. Vill. of Peoria Heights, Ill.*, 662 F.3d 866, 870 (7th Cir. 2011).

Plaintiff does not allege any facts to support that the denial of medical care was at Sheriff Siegel's direction, with his knowledge and consent, or that he acted with deliberate, reckless indifference. Other than overseeing prison operations, Plaintiff does not explain how Sheriff Siegel was involved in his medical care or lack thereof. Based on the facts presented by Plaintiff, the Court cannot conclude that Sheriff Siegel is liable to Plaintiff for any constitutional violations. Therefore, Plaintiff's argument that Sheriff Siegel was responsible for the alleged deprivation of Plaintiff's constitutional rights fails.

Plaintiff also fails to allege facts suggesting that the lack of medical care, or the insufficient medical attention he endured, was ever endured by another inmate. As noted by Sheriff Siegel, the Seventh Circuit has "repeatedly rejected *Monell* claims that

rest on the plaintiff's individualized experience without evidence of other constitutional violations." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 240 (7th Cir. 2021); *see also Harris v. City of Marion, Ind.*, 79 F.3d 56 (7th Cir. 1996). Plaintiff's first amended complaint does not include allegations suggesting other constitutional violations, rather, he merely relies on his own individualized experiences when he brings his claims, which is not enough. *Harris,* 79 F.3d at 59 (stating that a single incident "cannot be bootstrapped into a pattern").

Plaintiff requests leave to conduct discovery in his Response, arguing that at "this early-stage," he "does not know the nitty-gritty details of the interplay between the Sheriff/Confinement officers and Wellpath (medical provider), that caused the unconstitutional delay in his medical care" and that he "cannot 'make stuff up' and put it into the Complaint when he does not know what that 'stuff' is." (ECF 24 at 2). First, the Court agrees with Plaintiff that he cannot "make stuff up" to put in the complaint; rather, attorneys have an obligation to ensure that all "factual contentions have evidentiary support" or, if specifically identified, "will likely have evidentiary support after a reasonable opportunity for further investigation." Fed. R. Civ. P. 11.

Second, even taking all facts alleged by Plaintiff as true and drawing all inferences in his favor, Plaintiff does not allege facts to support one of the three available routes to assert a *Monnell* claim against Sheriff Siegel. Plaintiff merely formulaically recites the elements and makes naked assertions without supporting facts, which is inadequate to support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court in *McCauley* found that the denial of plaintiff's request for

8

discovery was not an abuse of discretion because there was "no reason at all to think the IDOC director had any personal role in [the murderer's] parole supervision." *McCauley v. City of Chicago*, 671 F.3d 611, 620 (7th Cir. 2011). Similarly, here, there is no reason at all to think Sheriff Siegel had any personal role in Plaintiff's medical treatment. "[I]t appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief" and thus discovery as to the claims against Sheriff Siegel is not necessary. *Craigs, Inc.*, 12 F.3d at 688. Therefore, Sheriff Siegel's motion for partial judgment on the pleadings as to the claims against him is GRANTED.

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion for partial judgment on the pleadings is **GRANTED**. (ECF 19). Sheriff Siegel is dismissed from the case but Defendants Wellpath and John Does/Jane Does remain. Pursuant to the Court's previous order, the case remains stayed as to Defendant Wellpath. (ECF 33).

SO ORDERED on June 16, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　/s/*Cristal C. Brisco*
　　　　　　　　　　　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT